■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v TRACEY MENDEZ, Appellant. [599 NYS2d 856] —Appeal by the defendant from a judgment of the County Court, Nassau County (Mogil, J.), rendered April 16, 1992, convicting him of criminal possession of a weapon in the third degree, aggravated unlicensed operation of a motor vehicle in the third degree, operating a motor vehicle with improper license plates, operating an uninsured motor vehicle, operating a motor vehicle without a certificate of inspection, and operating a motor vehicle without being restrained by a safety belt, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed and the matter is remitted to the County Court, Nassau County, for further proceedings pursuant to CPL 460.50 (5).

The defendant contends that the court erred in admitting evidence that on August 3, 1989, approximately two and a half months after he was arrested for, among other things, possession of a weapon in the third degree, the defendant sold weapons to an undercover officer. We agree. The evidence of the defendant's subsequent sale was only minimally probative of the issue of whether the defendant knowingly possessed a weapon when he was arrested on May 22, 1989 and thus should have been excluded in light of the potential for prejudice (see, People v Martinez, 191 AD2d 459). However, we find that the error was harmless (see, People v Crimmins, 36 NY2d 230; People v Martinez, supra). Although the defendant now challenges a portion of the charge relating to the use of this evidence, his contention is unpreserved for appellate review and, in any event, is without merit. Thompson, J. P., Miller, Santucci and Joy, JJ., concur.